Anthony M. Nicastro
Brian L. Taylor
HALL & EVANS, LLC
175 N. 27th St., Suite 1101
Billings, MT  59101
Email:  nicastroa@hallevans.com
        btaylor@hallevans.com
Telephone: (406) 969-5227
Facsimile: (406) 969-5233
ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| BNSF RAILWAY CO., | Cause No. |
| Plaintiff, | |
| vs. | |
| TOLTZ, KING, DUVALL, ANDERSON AND ASSOCIATES, INC., | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, BNSF Railway Co. ("BNSF"), by and through its undersigned counsel hereby submits its Complaint against Defendant Toltz, King, Duvall, Anderson and Associates, Inc. ("TKDA") and states and alleges as follows:

## PARTIES

1. BNSF is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Texas.

2. Upon information and belief, TKDA is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota.

## JURISDICTION

3. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in Flathead County, Montana.

5. This Court has authority pursuant to 28 U.S.C. § 2201 to grant the declaratory and other relief requested by BNSF.

## STATEMENT OF CLAIMS

6. On or about August 23, 2001, BNSF and TKDA entered into a non-exclusive contract in which TKDA agreed to provide engineering and other various services necessary for the completion of work defined by task orders issued for specific projects under this contract.

7.      Pursuant to the contract, TKDA agreed to comply with all applicable regulatory requirements, all Federal, State and local laws, ordinances and regulations applicable to the work.

8.      Pursuant to the contract, TKDA agreed that it shall indemnify and hold harmless BNSF for all judgments, awards, claims, demands and expenses (including attorneys' fees), for injury to all persons, including BNSF's employees, arising in any manner from TKDA's or any of TKDA's subconsultants' acts or omissions or failure to perform any obligation under the contract.

9.      Pursuant to the contract, TKDA agreed that the liability TKDA assumed shall not be affected by the fact, if it is a fact, that the injury was occasioned by or contributed to by the negligence of BNSF, its employees or otherwise and the contract specifically included claims raised under the Federal Employer's Liability Act.

10.     Pursuant to the contract, TKDA agreed that at its own expense and on behalf of BNSF, it would adjust and settle all claims made against BNSF and at BNSF's discretion, appear and defend any suits or actions brought against BNSF on any claim or cause of action arising or growing out of or in any manner connected with any liability assumed by TKDA.

11.     Pursuant to the contract, TKDA agreed that once BNSF provided notice of a claim, TKDA shall then process, adjust and handle to the conclusion such claims

and in the event of a lawsuit, TKDA shall defend, adjust or settle such suits and protect, indemnify and save harmless BNSF from and against all damages, judgements, decrees, attorney's fees, costs and expenses growing out of or resulting from or incident to any such claims or suits.

12. BNSF and TKDA specifically agreed in this contract that the assumption of liabilities and indemnification provided for in the contract shall survive any termination of the agreement.

13. BNSF agreed to pay TKDA for the services provided by TKDA pursuant to the contract and the task orders.

14. On or about October 6, 2009, BNSF and TKDA entered into a new contract for services and that contract specifically stated that TKDA's obligations to indemnify, defend and hold BNSF harmless pursuant to the 2001 contract shall expressly survive and shall not be terminated by the new contract.

15. In 2002, pursuant to the contract between BNSF and TKDA, TKDA agreed to engineer a fuel unloading facility in Whitefish, Montana for BNSF. TKDA also agreed to provide an elevated walkway for tank car top unloading with retractable gangways at the two tank car unload spots. In addition, TKDA agreed to design and provide new fuel unloading arms at the two tank car unloading spots.

16. In addition to providing design, engineering and architectural services, TKDA agreed to purchase and supply equipment for the fuel unloading facility in

Whitefish. This equipment included two gangway platforms that TKDA purchased from a company named Safe Harbor. The two gangway platforms TKDA purchased and provided to BNSF were meant to provide a retractable walkway for employees to use for accessing the tops of tank cars and an integrated fall protection cage that would retract with the walkway in order to provide fall protection to the employee while working on the top of the tank car.

17. On or about June 27, 2011, Terry Fox, a BNSF employee, ("Fox") claims that he sustained injuries after falling off of a tank car while attempting to remove fuel at the Whitefish fuel unloading facility designed and engineered by TKDA and constructed pursuant to the work performed by TKDA. Fox claims that the Safe Harbor gangway platform purchased and supplied by TKDA was defective and this defect caused the gangway platform to retract and knock him off the tank car. Fox claims that the top unload arm designed and installed pursuant to the work performed by TKDA was faulty and this caused or contributed to this fall.

18. Fox filed a lawsuit pursuant to the Federal Employer's Liability Act against BNSF in Cascade County, Montana and his claims and allegations are contained in various pleadings associated with Cause No. ADV-13-583.

19. The allegations raised by Fox in his lawsuit claim that the work performed by TKDA, which was performed pursuant to the contract, was negligent.

20. BNSF tendered this matter, in writing, to TKDA and demanded that TKDA indemnify and defend BNSF in this lawsuit pursuant to the parties' contract. BNSF also forwarded a copy of the complaint filed by Fox to TKDA.

21. BNSF renewed its tender to TKDA more than once and TKDA ignored all of BNSF's requests to indemnify, defend and adjust this claim pursuant to the parties' contract.

22. BNSF has denied each and every allegation and claim made by Fox on the lawsuit, however TKDA's duty to indemnify, defend and adjust is trigged by Fox making a claim that arises out of or in any manner connected with the liability assumed by TKDA under the contract.

## COUNT 1

(Breach of Contract)

23. Defendant repeats and reiterates each and every allegation contained in Paragraphs 1-22 of the Complaint as though they were fully set herein.

24. BNSF and TKDA entered into a valid contract based on sufficient consideration.

25. TKDA has a duty pursuant to the contract with BNSF to indemnify, hold harmless, defend and adjust the claim and lawsuit filed by Fox based on the allegations and claims raised by Fox which directly relate to the manner and scope of work provided by TKDA and the equipment purchased and supplied by TKDA.

26. TKDA breached this contract by failing to indemnify, hold harmless, defend and adjust the lawsuit filed by Fox.

27. As a result of TKDA's breach, BNSF has sustained economic damages in the form of legal expenses and costs in excess of $75,000 and BNSF continues to incur more damages due to TKDA's breach.

## COUNT 2

(Declaratory Judgment)

28. Defendant repeats and reiterates each and every allegation contained in Paragraphs 1-27 of the Complaint as though they were fully set herein.

29. The contract between BNSF and TKDA states that TKDA has a duty to defend and indemnify BNSF in the lawsuit filed by Fox because the allegations made by Fox include allegations that relate to the manner in which TKDA performed work under the contract during the design and construction of the Whitefish fuel unloading facility. Fox makes specific claims that relate to the equipment purchased and supplied by TKDA. Fox makes specific claims that relate to the engineering design by TKDA of the fuel top unloading arm.

30. The allegations made by Fox triggers TKDA's duty to defend and indemnify pursuant to the contract.

31. TKDA has failed to respond despite repeated written requests by BNSF to defend the lawsuit filed by Fox and indemnify BNSF.

32. BNSF is entitled to a declaration that TKDA has an obligation to defend BNSF in the lawsuit filed by Fox.

33. BNSF is also entitled to a declaration that TKDA has an obligation to indemnify BNSF in the lawsuit filed by Fox including but not limited to attorneys' fees and costs incurred by BNSF in defending the lawsuit filed by Fox.

## Count 3

(Breach of the Duty of Good Faith and Fair Dealing)

34. Defendant repeats and reiterates each and every allegation contained in Paragraphs 1-33 of the Complaint as though they were fully set herein.

35. BNSF and TKDA entered into a valid contract and an implied covenant and obligation of good faith and fair dealing applies to written agreements.

36. TKDA breached the duty of good faith and fair dealing by failed to defend and indemnify BNSF in the lawsuit filed by Fox.

37. TKDA's breach caused BNSF to be deprived of the benefit or justified expectation under the contract.

38. TKDA's breach of the duty of good faith and fair dealing caused BNSF to incur economic damages in excess of $75,000 and BNSF continues to incur more damages due to TKDA's breach.

## Count 4

(Breach of Montana Statutory Cause of Action for Indemnity)

39. Defendant repeats and reiterates each and every allegation contained in Paragraphs 1-38 of the Complaint as though they were fully set herein.

40. BNSF has already made payments of costs in connection with a claim for which TKDA is required to indemnify BNSF. These payments include attorneys' fees and costs that were incurred in good faith and in the exercise of reasonable discretion.

41. BNSF is entitled to indemnity pursuant to 28-11-301 et seq.

WHEREFORE, Plaintiff requests the Court to grant the following relief:

A. For a judgment against Defendant declaring that it has breached the contract with Plaintiff for failure to defend and indemnify Plaintiff in the claims and lawsuit filed by Fox.

B. For a declaratory judgment that Defendant had and still currently has a duty to defend and indemnify Plaintiff in the lawsuit filed by Fox.

C. For a judgment against Defendant declaring that it breached its duty of good faith and fair dealing.

D. For a judgment against Defendant declaring that it violated Montana's statutory right for indemnification

E. For an order awarding Plaintiff past and future economic damages including but not limited to attorneys' fees and costs including the fees and costs incurred in pursuing this cause of action and interest.

F. For an order directing Defendant to satisfy any judgment, if one is entered, against BNSF in the lawsuit filed by Fox.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

DATED this 16th day of February, 2016.

                                                                    Hall & Evans LLC

                                                         By: /S/  Anthony M. Nicastro
                                                               Anthony M. Nicastro
                                                               Brian L. Taylor
                                                               Attorneys for Plaintiff